NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3416

DONALD IAN-BENET,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Donald Ian-Benet, of Rockville, Maryland, pro se.

Joan Stentiford, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3416

DONALD IAN-BENET,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  March 6, 2007

_____

Before DYK, Circuit Judge, ARCHER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Donald Ian-Benet petitions this court for review of the decision of the Merit Systems Protection Board (Board) denying his petition for enforcement of a settlement agreement entered into by Ian-Benet and his former employer the National Geospatial-Intelligence Agency (NGA).  Because the Board's finding that Ian-Benet failed to prove that the NGA breached the settlement agreement is supported by substantial evidence, we affirm.

BACKGROUND

Ian-Benet was employed as a geopositioning cartographer at the NGA over sixteen years.  He was terminated on April 25, 2005 after failing to report to work regularly between October 2001 and March 2005, failing to report to work at all in the 2005 calendar year, and using over 3,000 hours of leave without pay.  Ian-Benet

appealed the termination to the Board (Docket No. 0752050513-I-1) on May 25, 2005. Ian-Benet and the NGA subsequently entered into a settlement agreement with respect to his Board appeal on September 15, 2005.

Under that settlement agreement, Ian-Benet agreed to withdrawal with prejudice of his Board appeal upon execution of the agreement. In return, the NGA agreed to cancel Ian-Benet's removal, rescind the SF-50 stating that he had been removed, and issue a new SF-50 stating he had voluntarily resigned from federal service for "medical reasons." The NGA also agreed to convert all leave designated as absent without leave for certain dates to leave without pay and support any claim he might make for Disability Retirement with the Office of Personnel Management (OPM). For any queries from prospective employers, the NGA also agreed to confirm only Ian-Benet's dates of employment, title, and job responsibilities, and state that he had received "successful" performance ratings. If asked, the NGA agreed to state that Ian-Benet resigned for medical reasons.

Ian-Benet was represented by counsel when he entered into the settlement agreement and the Board reviewed the agreement and concluded that it had been entered into voluntarily. Thus, the Board accepted the parties' settlement agreement and dismissed Ian-Benet's appeal of his termination from government employment. Ian-Benet v. Dep't of Def., DC0752050513-I-1 (MSPB Sept. 16, 2005).

On March 13, 2006, Ian-Benet filed a petition for enforcement of the settlement agreement.[1] In this petition, he alleged that the NGA breached the agreement by

---

[1] The Board has jurisdiction to enforce a settlement agreement if the underlying appeal is within its jurisdiction and the settlement agreement is entered into the record.

improperly dismissing him based on information obtained in a manner that violates the Health Insurance Portability and Accountability Act (HIPAA)[2] and the Federal Privacy Act. After this petition was filed, Ian-Benet filed additional documentation alleging that the NGA provided negative references to prospective employers in violation of the settlement agreement. In response, the NGA asserted that it had complied with the terms of the settlement agreement and submitted declarations from various personnel associated with its efforts to comply with the terms of the agreement. It also provided other documentary evidence of compliance.

In ruling on Ian-Benet's petition, the administrative judge (AJ) found that Ian-Benet failed to prove that the agency breached the settlement agreement and concluded that Ian-Benet could not seek further review of his termination through a petition for enforcement. Thus, the AJ denied the petition for enforcement. Ian-Benet v. Dep't. of Def., DC0752050513-I-1 (MSPB May 1, 2006). The Board denied his petition for review and the AJ's Initial Decision became final on August 11, 2006. Ian-Benet timely filed his notice of appeal on September 15, 2006.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

ANALYSIS

We must affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(a) (2006). "A settlement agreement is a

---

[2] Ian-Benet asserts that his rights under HIPA or the Health Information Protection Act have been violated, but we read this as an allegation that the actions violated HIPAA.

contract, the interpretation of which is a question of law." Musick v. Dep't. of Energy, 339 F.3d 1365, 1369 (Fed. Cir. 2003). We review legal conclusions under the de novo standard on appeal. Perry v. Dep't of the Army, 992 F.2d 1575, 1578 (Fed. Cir. 1993). A Board finding that a settlement agreement has or has not been breached is a factual finding, which we review for substantial evidence. See id. at 1370; Thomas v. Dep't of Hous. & Urban Dev., 124 F.3d 1439, 1441-42 (Fed. Cir. 1997).

On appeal, Ian-Benet contends that the NGA breached the settlement agreement by improperly consulting with his psychologist and other individuals before removing him from federal service in violation of federal privacy laws, his dismissal was improper and retribution for an earlier EEOC case, and the NGA failed to give favorable recommendations to prospective employers. As the AJ determined, Ian-Benet had an opportunity to continue to question the propriety of his removal and opted to settle that appeal to the Board on September 15, 2005. Ian-Benet's settlement agreement dispensed with his claims regarding the NGA removal decision and claims "of any nature" against the NGA "with respect to any actions occurring prior to the date of [the] agreement." Thus, Ian-Benet's claim that information provided by his psychologist in April 2005 (prior to his removal) violated HIPAA and other federal privacy laws is foreclosed by the terms of the settlement agreement. The issue in this petition for enforcement is whether the NGA took any action or failed to take certain actions that render it non-compliant with the terms and conditions of the settlement agreement.

The NGA provided evidence that demonstrates its compliance with the agreement. Edward Maness, the Human Development Consultant for the Office of Targeting and Transnational Issues at the NGA, declared that he removed all copies of

the SF-50 stating that Ian-Benet's separation from federal service was due to removal in compliance with paragraph 3 of the settlement agreement. He also stated that he had the SF-50 reissued to show a separation from service due to a voluntary resignation for medical reasons, and provided a copy of the new SF-50 with his declaration. Maness stated that he removed all documents from Ian-Benet's Official Personnel File (OPF) that refer to the removal action and confirmed after an additional inspection that the file does not contain documents relating to the removal action. The time and attendance reports provided by the NGA show that the leave previously listed as absence without leave has been converted to leave without pay.

Sharon Kennedy, the Human Development Consultant at the NGA, declared that one of her duties would include responding to the OPM with respect to Ian-Benet's disability retirement application but that she has not been contacted by OPM regarding his application. She also inferred that she is responsible for providing the NGA response to inquiries from prospective employers, and has not received any direct inquiries or received any messages from prospective employers regarding Ian-Benet. Ian-Benet provided correspondence with two potential employers, one of which denies that she ever sought feedback from the NGA on Ian-Benet. He does not point to any prospective employer that did contact the NGA. He has indicated, however, that his inability to find a job is due to the NGA's unfavorable reviews provided to prospective employers. This statement by Ian-Benet does not constitute evidence of the NGA's failure to follow the terms of the settlement agreement that required favorable reviews.

Upon review of the record, Ian-Benet has not provided evidence that the NGA failed to meet the terms of the settlement agreement with respect to inquiries from

prospective employers and has not proven that it failed to meet the terms and conditions of the agreement.

## CONCLUSION

For the foregoing reasons, the Final Decision of the Board is affirmed.

No costs.